UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK HOFFMAN and PATRICIA HOFFMAN,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

CASE NO. C16-5505BHS

ORDER DENYING THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

    This matter comes before the Court on Defendant State Farm Fire and Casualty Company's ("State Farm") motion for partial summary judgment (Dkt. 19) and Mark and Patricia Hoffman's ("Hoffmans") cross-motion for partial summary judgment (Dkt. 20). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

    On June 22, 2015, the Hoffmans filed a complaint against State Farm and West Sound Property Management, LLC, d/b/a Windermere Property Management/West Sound ("West Sound") in Kitsap County Superior Court for the State of Washington. Dkt. 1, ¶ 1. On December 18, 2015, the Hoffmans filed an amended complaint asserting causes of action against State Farm for breach of contract, bad faith, violations of the

Insurance Fair Conduct Act ("IFCA"), and violations of the Consumer Protection Act ("CPA") and against West Sound for intentional or negligent misrepresentation, breach of contract, and violations of the CPA. Dkt. 1-1, ¶¶ 4.1–4.2.

On February 29, 2016, the state court granted State Farm's motion for summary judgment dismissing the Hoffmans' breach of contract claim. Dkt. 8-3 at 305–306. On June 13, 2016, the court denied State Farm's motion on the Hoffmans' remaining claims and the Hoffmans' cross-motion for summary judgment. Dkt. 8-8 at 205–206. On June 20, 2016, the court granted the parties' stipulated motion to dismiss West Sound. *Id*. at 208–209.

On June 20, 2016, State Farm removed the matter to this Court. Dkt. 1.

On November 11, 2016, State Farm refiled its motion for partial summary judgment on the Hoffmans' remaining claims. Dkt. 19. Despite some reorganization, the motion presents the same arguments that were rejected by the state court. Not to be outdone, on November 16, 2016, the Hoffmans refiled their cross-motion as well. Dkt. 20. With some modifications, the parties refiled their responses, Dkts. 23, 27, and their replies, Dkts. 25, 28.

## II. DISCUSSION

**A.   Bites of the Apple**

The Hoffmans contend that "State Farm seeks a second bite at the summary judgment apple," Dkt. 23 at 2, and, if the Court entertains State Farm's bite, it should also entertain the Hoffmans' second bite, Dkt. 20 at 2. State Farm counters that case law "indicate[s] that the federal court, within its discretion and for 'cogent' reasons, could

grant summary judgment notwithstanding the earlier denial by the state court." *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 80 (9th Cir. 1979). State Farm asserts that the "state court did not have sufficient time or resources to give the motion the consideration it deserved." Dkt. 25 at 12. Contrary to State Farm's assertion, any reasonable jurist that even briefly familiarized him or herself with the record would recognize that material questions of fact exist for trial. Accordingly, the Court will provide a slightly more than summary analysis of the parties' motions.

**B.  Summary Judgment**

   **1.  Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**2.     Claims**

The parties move for summary judgment on the Hoffmans' remaining extra-contractual claims. The problem with State Farm's motion is that it essentially boils down to the argument that, at the end of the day, State Farm's denial of coverage was correct. State Farm, however, has failed to cite any Washington authority for the proposition that, no matter how the insurer treats its insured, the insurer is not liable for bad faith or other extra-contractual claims if an initial denial of coverage is ultimately the correct decision. State Farm claims that "a mere mistake is not bad faith." Dkt. 25 at 6 (citing *Coventry Associates v. Am. States Ins. Co.*, 136 Wn.2d 269, 280 (1998)). This is

not a correct recitation of Washington law. Instead, the *Coventry* court held that "[a]s long as the insurance company acts with honesty, bases its decision on adequate information, and does not overemphasize its own interests, an insured is not entitled to base a bad faith or CPA claim against its insurer on the basis of a *good* faith mistake." *Id*.

Under the correct precedent, the Hoffmans have submitted sufficient evidence to create material questions of fact for trial. For example, the Hoffmans assert facts as follows:

> At every step, State Farm has handled this claim from the perspective of minimizing the amount it had to pay. It discouraged the Hoffmans from claiming all the damage, ignored their concerns and tried to settle the claim for $5,000 after a cursory investigation, and invoked a coverage exclusion that Washington courts and their own company had long deemed inapplicable. After the Hoffmans spent thousands of dollars correcting State Farm's "mistake," State Farm conceded that the exclusion did not apply – but only because the Hoffmans had threatened litigation. State Farm then relied on a nonexistent limitation in the policy to minimize their repair cost exposure. When the Hoffmans refused to accept a repair that would leave their home full of toxic residue, State Farm demanded an appraisal. The appraisers ordered State Farm to pay more than twice what it had offered, but the Hoffmans had paid tens of thousands of dollars in fees. Not only did State Farm refuse to compensate the Hoffmans for these expenses, but it refused to extend the suit limitation deadline, which forced the Hoffmans to either commit to litigation against both State Farm and Windermere, or walk away from their six-figure losses. State Farm continued its pattern of using litigation costs to drive its insureds away by removing the case to this Court seven weeks before trial, delaying the trial date for six months, re-opening discovery, and now forcing the Hoffmans to defend a motion they already defeated in state court.

Dkt. 23 at 12. Taking the admissible evidence in the light most favorable to the Hoffmans, the Court agrees with the Hoffmans. Therefore, the Court denies State Farm's

1  motion because the Hoffmans have shown that questions of material fact exist on the
2  issue of whether State Farm made a "*good* faith mistake." *Coventry*, 136 Wn.2d at 280.
3     On the other hand, the Hoffmans' motion fails because they have failed to meet
4  the high burden of proof placed on a party seeking judgment on its own claims. "[*W*]*here*
5  *the moving party has the burden*—the plaintiff on a claim for relief or the defendant on
6  an affirmative defense— *his showing must be sufficient for the court to hold that no*
7  *reasonable trier of fact could find other than for the moving party.*" *Calderone v. United*
8  *States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation omitted); *see also Southern Calif. Gas*
9  *Co. v. City of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003).  While the Hoffmans have
10 submitted sufficient evidence to create material questions of fact for trial, they have failed
11 to show that no reasonable trier of fact could find other than for them.  Therefore, the
12 Court denies the Hoffmans' cross-motion.

### III. ORDER

Therefore, it is hereby **ORDERED** that State Farm's motion for partial summary judgment (Dkt. 19) and the Hoffmans' cross-motion for partial summary judgment (Dkt. 20) are **DENIED**.

Dated this 23rd day of January, 2017.

BENJAMIN H. SETTLE
United States District Judge